WALLACE SCARLOTTA v. CHARLES R. ASH.[1]

June 16, 1905.

Nos. 14,402—(127).

**Evidence of Expert.**

Operatives, who, by reason of their employment, become familiar with the operations of machinery, may be called upon as experts to testify whether, upon a given occasion, the machinery was properly working. *Held*, no error to receive the testimony of such witnesses, no objection having been made to their qualification.

**Defect in Machinery.**

In a personal injury action, the complaint having charged that the defect in the machinery existed in certain imperfect valves improperly adjusted, and no evidence having been received at the trial tending to show that the machinery in question was defective except that it did not work easily,

[1] Reported in 103 N. W. 1025.

plaintiff was not entitled to an instruction to the effect that it was not essential to his recovery that he be able to show the exact nature of the defect.

**Control of Jury.**

The trial court is endowed with a reasonable discretion with reference to the control of the jury and the length of time they may be required to consider a case submitted to them. *Held*, the court did not err in its remarks to the jury in sending them back to reconsider the cause, upon their report that they were unable to agree. We find no reversible errors.

Appeal by plaintiff from an order of the district court for St. Louis county, Cant, J., denying a motion for a new trial, after a trial and verdict in favor of defendant. Affirmed.

*Jno. Jenswold, Jr.,* for appellant.

*Miller & Clapp* and *Washburn, Bailey & Mitchell,* for respondent.

LEWIS, J.

Action to recover damages for personal injuries alleged to have been occasioned by a defect in the mechanism which controlled the manipulation of the "nigger" in defendant's sawmill. Verdict was returned for defendant, and plaintiff appealed from an order denying his motion for a new trial.

1. A witness was called for appellant, who testified that he was the oiler of the machinery alleged to be not in proper condition; that he visited the locality of the accident for the purpose of oiling and examining the machinery every half hour. Over objection he was permitted to state that upon the occasion of the accident the machinery appeared to be working all right. Two other witnesses were called, who operated the machine immediately after the accident, it having been shown that no change had been made; and they testified to the fact that the machinery operated all right. The testimony was properly received. It was not strictly opinion evidence, based upon other testimony as to certain conditions, but was admissible upon the theory that the experience of the one witness as oiler and the others as operators had given them a special opportunity to observe, and by reason of such experience they were able to tell, by comparison, whether anything was wrong. None of these witnesses were objected to upon the ground that they were not properly qualified.

2. Appellant requested the court to instruct the jury as follows:

> It is not essential to plaintiff's recovery that he be able to show the exact nature of the defect in the nigger.

The act of negligence alleged to have caused the injury, as charged in the complaint, was that defendant had carelessly and negligently made and inserted into the steam log turner, which controlled and operated the nigger and carriage, certain valves, or plugs, and fittings, which were not properly adjusted, and for such reason the machine did not operate easily in response to the lever, and there was no evidence of any defect at all except that the nigger did not operate freely, and that it acted stiff. The court charged the jury that they should determine from the evidence whether respondent had exercised the proper degree of care with reference to the matters charged —the valve plugs or fittings; that the negligence charged consisted in inserting certain valve plugs and fittings connected with the operation of the nigger in an improper manner, so that they were improperly adjusted; and further on the court stated that respondent's liability depended upon whether he was negligent in the respects complained of.

By his complaint appellant tendered the specific charge that the mechanical device which manipulated the nigger was defective by reason of certain imperfect valves. Respondent took issue upon this point, and the court was justified in submitting the issue to the jury. No claim was made by appellant that the defect existed in anything else than the matters charged, and certainly, under such circumstances, he was not in a position to demand that his case be submitted to the jury upon a general issue of defect without regard to the specific issue. But conceding appellant was not limited by his pleading, the request was not complete. Such an instruction would have given the jury free rein to find a defect anywhere, without regard to the essential elements of the negligence by respondent which appellant was required to prove.

3. After the cause had been submitted to the jury, and they had been out for about twenty-four hours, they returned into court, and asked to be dismissed, whereupon the court urged them to come to a conclusion, stating that they could solve the proposition just as well as any other twelve men, and that in case of another trial there would be sub-

stantially a repetition of the evidence; that the court regretted to keep them out any longer, but that the character of the case was such that he would ask them to retire again and consider the matter; and, among other things, said:

> Do so in as mechanical a way as you can fairly and conscientiously, and we will hope to hear from you again more favorably.

Appellant attaches undue importance to the word "mechanical." It is evident that it was used rather thoughtlessly, but the idea in the mind of the court is apparent from the fact that in the same connection the court requested the jury to again strive to see if they could not agree as to what their best judgment would say should be the effect of the testimony, and that they should fairly and conscientiously consider the case. Trial judges are allowed reasonable discretion in controlling the deliberations of jurors after a cause has been submitted, and in this instance we find no infringement upon the independence or freedom of the jury. Taken as a whole, the case was fairly submitted to the jury, and no reversible errors occurred.

Order affirmed.